511 A.2d 573

**Margo CARDELLINO**

v.

**COMPTROLLER OF the TREASURY.**

**No. 1446, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

July 11, 1986.

Certiorari Denied Nov. 5, 1986.

Roger K. Zuker of Camp Springs, for appellant.

Deborah B. Bacharach, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen. and Linda Koerber Boyd, Asst. Atty. Gen., on brief), Baltimore, for appellee.

Argued before BISHOP, BLOOM and ROSALYN B. BELL, JJ.

BISHOP, Judge.

Pursuant to Md.Ann.Code art. 81, § 328,[1] appellee, the Comptroller of the Treasury, Retail Sales Tax Division ("the Comptroller"), levied an assessment in the amount of $4,865.80 in retail sales tax, interest and penalty for the period July 1, 1982 through March 9, 1983, against appellant, Margo Cardellino, because of her status as Secretary-

---

1. Md.Ann.Code art. 81, § 328 provides:
   Vendor liable for tax; right to collect; failure to collect.
   The vendor and any officer of any corporate vendor shall be personally liable for the tax collected or required to be collected under this subtitle, and the vendor shall have the same right in respect to collecting the tax from the purchaser or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property or service and payable at the time of the sale. *Any vendor who fails to collect the tax, and any officer of a corporate vendor which fails to collect the tax, pursuant to this subtitle and the regulations prescribed hereunder shall, in addition to all other penalties, be personally liable to the State for the amount uncollected.*
   (emphasis added).

Treasurer of Prince Frederick Auto Parts, Inc. The assessment was affirmed by a Hearing Officer of the Retail Sales Tax Division, and that decision was affirmed by the Maryland Tax Court. The Circuit Court for Calvert County affirmed the ruling of the Tax Court. Appellant appeals that decision to this Court. The issues raised by appellant may be stated as follows:

I. Was the Tax Court correct in deciding that Prince Frederick Auto Parts, Inc. was a validly formed corporation?

II. Was the Tax Court correct in deciding that appellant was an officer of Prince Frederick Auto Parts, Inc. and therefore liable for unpaid sales tax owed by the corporation?

## FACTS

On January 8, 1980, the State Department of Assessments and Taxation approved and received for record the articles of incorporation of Prince Frederick Auto Parts, Inc. One of the purposes of the corporation was to retail auto parts. Michael Finkle was the only director named, and Finkle testified that he owned, operated, and appointed himself president of, the corporation. After the filing of the articles of incorporation, none of the routine corporate formalities were undertaken; no by-laws were adopted, no shares of stock were issued, and no organizational or annual meetings were held.

Appellant was hired as a secretary and bookkeeper for the business, with duties which included sending out bills, keeping a record of inventory, answering the telephone, and writing checks. Appellant's was an authorized signature on the Prince Frederick Auto Parts, Inc. checking account. About a year after beginning her employment, appellant was given the responsibility of filing monthly sales tax returns. Finkle testified that although the accountant had recommended that appellant be made secretary and treasurer, this was never actually done.

Three separate documents filed by Prince Frederick Auto Parts, Inc. were relied upon below to support the conclusion that appellant was a corporate officer. The undisputed testimony was that appellant prepared and signed Retail Sales Tax Reports for May and June of 1982. At the bottom of each of the forms the following legend appears:

I declare under the penalties of perjury that this return including any accompanying schedules and statements has been examined by me and to the best of my knowledge and belief is a true and complete return.

Below the legend appellant's signature appears in a blank labeled "Signature of Taxpayer or Agent." Below the signature in a blank labeled "Title" appellant wrote "Secy. Treas."

The third document here involved is the Personal Property Tax return filed by Prince Frederick Auto Parts, Inc. with the Department of Assessments and Taxation on July 19, 1982. On the first page of the return, under the heading "Name and Address of Officers" the following appears:

|  | Names | Addresses |
|---|---|---|
| President | Michael Finkle | Forestville, MD |
| Vice-President |  |  |
| Secretary | Margo Cardellino | Waldorf, MD |
| Treasurer | Margo Cardellino | Waldorf, MD |

DIRECTORS

| Names | Names |
|---|---|
| Michael Finkle |  |
| Margo Cardellino |  |

At the bottom of page three of the return the following appears:

PENAL CLAUSES

DO NOT PAY PENALTIES AT TIME OF FILING REPORT

. . .

Art. 81, Sec. 220.   Failure to furnish information, answer interrogatories or make reports—Through negligence.

Any person who either as principal or agent shall negligently or without due excuse fail to furnish any information, or to answer any interrogatory, or file any report or list at the time and in the manner required by this article, or who shall negligently give any incorrect, untrue or misleading information or answer to any such interrogatory, or make or file any report or list which shall be in any respect incorrect, untrue or misleading, shall be guilty of a misdemeanor, and upon conviction thereof shall be fined not exceeding five hundred ($500.00) dollars.

221.   Same—Through wilfulness.

Any person who either as principal or agent shall wilfully or with intent to evade the payment, or prevent or hinder the collection, of any tax, fail to furnish any information, or to answer any interrogatory, or to file any report or list at the time and in the manner required by this article, or give any incorrect, untrue or misleading information or answer to any such interrogatory shall be guilty of a misdemeanor, and upon the conviction thereof shall be fined not exceeding five thousand ($5,000) dollars or imprisoned for not more than eighteen months, or in the discretion of the court, suffer both such fine and imprisonment;  provided that nothing in this section shall relieve any such person from prosecution and conviction for perjury.

I declare under the penalties of perjury, pursuant to Art. 81, Sec. 5 of the Annotated Code of Maryland, that this return (including any accompanying schedules and statements) has been examined by me and to the best of my knowledge and belief is a true, correct and complete return.

The signature of George Grillo, the business' accountant, appears below this legend, in a blank labeled "signature of person or name of firm, other than taxpayer, preparing return." Appellant's signature appears above a blank labeled "Signature of Officer of Corporation." The testimony

was undisputed that Grillo prepared the return and that appellant signed it. Appellant did testify that she had not read the first page of the return, and the tax court accepted this testimony as true in its findings.

## DISCUSSION

In absence of errors of law, the tax court must be affirmed if a "reasoning mind reasonably could have reached the factual conclusion[s]." *Comptroller v. Diebold, Inc.*, 279 Md. 401, 407, 369 A.2d 77 (1977). *See also Ramsay, Scarlett & Co. v. Comptroller*, 302 Md. 825, 835, 490 A.2d 1296 (1985); *Comptroller v. World Book Childcraft International, Inc.*, 67 Md.App. 424, 508 A.2d 148 (1986). *In World Book*, this Court summarized the standard of review set forth in *Ramsay, Scarlett:*

1. First, the reviewing court must determine whether the agency recognized and applied the correct principles of law governing the case. The reviewing court is not constrained to affirm the agency where its order is premised solely upon an erroneous conclusion of law. 302 Md. at 834 [490 A.2d 1296.]

2. Once it is determined that the agency did not err in its determination or interpretation of the applicable law, the reviewing court next examines the agency's factual findings to determine if they are supported by substantial evidence, *i.e.*, by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* At this juncture, the *Ramsay, Scarlett* court reminds us that it is the agency's province to resolve conflicting evidence, and, where inconsistent inferences can be drawn from the same evidence, it is for the agency to draw the inference. *Id.* at 835 [490 A.2d 1296].

3. Finally, the reviewing court must examine how the agency applied the law to the facts. This, of course, is a judgmental process involving a mixed question of law and fact, and great deference must be accorded to the agency. The test of appellate review of this function is whether, ... a reasoning mind could reasonably have reached the

conclusion reached by the [agency], consistent with a proper application of the [controlling legal principles]. *Id.* at 838 [490 A.2d 1296].

67 Md.App. at 438–39, 508 A.2d 148. We conclude that, in the case *sub judice,* the Tax Court applied the proper law to factual determinations based upon substantial evidence, resulting in a conclusion which a reasoning mind could reasonably have reached.

## I.

### *Incorporation*

■ Appellant asserts that since Prince Frederick Auto Parts never undertook to accomplish any corporate formalities beyond filing articles of incorporation, a corporate entity was never actually formed. We disagree, as did the Tax Court and the Circuit Court.

Md.Corps. & Ass'ns Code Ann., § 2–102 provides in relevant part:

§ 2–102. Formation generally.

(a) *Signing, acknowledging and filing articles of incorporation.* —Except as provided elsewhere in this section, in order to form a corporation, one or more adult individuals acting as incorporators shall:

(1) Sign and acknowledge articles of incorporation; and

(2) File them for record with the Department.

(b) *Effect of acceptance of articles of incorporation for record;* ..

(1) When the Department accepts articles of incorporation for record, the proposed corporation becomes a body corporate under the name and subject to the purposes, conditions, and provisions stated in the articles.

(2) Except in a proceeding by the State for forfeiture of a corporation's charter, acceptance of the articles for record by the Department is *conclusive evidence of the formation of the corporation.*

(emphasis added). Since the articles were filed by Prince Frederick Auto Parts, the creation of the corporate entity is conclusively established.

Appellant relies on *Bostetter v. Freestate Land Corp.*, 48 Md.App. 142, 426 A.2d 404 (1981), *reversed,* 292 Md. 570, 440 A.2d 380 (1982) to support her argument that Prince Frederick Auto Parts was never validly formed. Notwithstanding the issue of the viability of our holding in *Bostetter* in light of the Court of Appeals' subsequent reversal, the case is inapposite. The issue in *Bostetter* was not the existence of the corporation, but rather who had the power to run the corporation. *See* 48 Md.App. at 148, 426 A.2d 404. We held that where no formal meeting was held to transfer the control of the corporation from the original directors named in the charter to those who later acted as directors, the control remained with the original directors. 48 Md.App. at 148–51, 426 A.2d 404. Here, no such problem exists, Finkle was named as the sole director in the charter.[2]

■ Despite the factual distinction from this case, appellant relies on the following from *Bostetter:*

A properly convened first organizational meeting of the directors named in the charter, where the charter may be accepted, is necessary to endow the corporation with the capacity to transact the legitimate business for which it was created.

48 Md.App. at 150, 426 A.2d 404. Appellant argues that since no organizational meeting was held here, the corporation never completed its organization. We hold, however, that principles of estoppel prevent appellant from asserting the alleged defect in organization.

In *Cranson v. I.B.M. Corp.*, 234 Md. 477, 200 A.2d 33 (1963), the Court stated:

---

2. Where there is no stock outstanding, Md.Corp. & Ass'ns Code Ann. § 2–402 authorizes the appointment of only one director.

> [W]here the corporation has obtained legal existence but has failed to comply with a condition subsequent to corporate existence, this Court has held that such nonperformance afforded the State the right to institute proceedings for the forfeiture of the charter, but that such neglect or omission could never be set up by the corporation itself, or by its members and stockholders, as a defense to an action to enforce their liabilities.

234 Md. at 483, 200 A.2d 33. The *Cranson* Court further provided:

> 'The doctrine in relation to estoppel is based upon the ground that it would generally be inequitable to permit the corporate existence of an association to be denied by persons who have represented it to be a corporation, or held it out as a corporation, or by any persons who have recognized it as a corporation by dealing with it as such; and by the overwhelming weight of authority, therefore, a person may be estopped to deny the legal incorporation of an association which is not even a corporation *de facto.* '

234 Md. at 488–89, 200 A.2d 33 (quoting 1 Clark & Marshall; *Private Corporations,* § 89). *See also Brune, Maryland Corporation Law and Practice,* § 339 (1953).

We hold that these principles are applicable here. The filing of the articles was conclusive proof of the existence of the corporation. By filing documents as a corporate officer, appellant implicitly represented to the State that the corporation was validly organized, and cannot now seek to avoid the liabilities that flow from being a corporate officer by asserting the lack of the formal steps of organization.

## II.

### *Appellant's Liability as a Corporate Officer*

Because of Md.Ann.Code art. 81, § 328 and since appellant was found to be a corporate officer, the Tax Court and the Circuit Court affirmed the assessment against appellant for unpaid retail sales tax.

■ We hold that appellant was either a *de jure* or *de facto* corporate officer of Prince Frederick Auto Parts, Inc. and therefore affirm the decisions below. In *Freestate* the Court of Appeals stated:

> Though ordinarily a vote of shareholders or directors is necessary to elect or appoint officers, it has been held that the appointment of an officer may be 'inferred'. Persons acting as officers are presumed to be such and rightfully in office in the absence of proof to the contrary.

292 Md. at 580, 440 A.2d 380 (quoting H. Brune, *Md. Corp. Law and Practice*, § 231 at 230 (1953)). Finkle, the sole director of the corporation, appointed appellant to undertake tasks utilizing the title of secretary-treasurer. Appellant prepared and signed the retail sales tax returns as secretary-treasurer, was specified as secretary-treasurer on personal property tax returns, and signed the personal property tax returns as an officer of the corporation. There was absolutely no testimony that appellant was misled as to the effect of the forms or was somehow prevented from reading the forms.

Even if the formal requirements of installing appellant as a corporate officer were not met, there was sufficient evidence to sustain a conclusion that appellant was the *de facto* secretary-treasurer of the corporation. As such, appellant became personally liable for the unpaid retail sales tax. To hold otherwise would allow an individual to avoid liability even though she held herself out to be a corporate officer who, under § 328 is personally obligated to pay the unpaid sales tax. Extreme caution must be exercised by a person who signs a tax return as a corporate officer under an oath which affirms the correctness of the tax information and the official status of the signer.

JUDGMENT AFFIRMED;

COSTS TO BE PAID BY APPELLANT.